IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ARLENE SCHUETT,

        Plaintiff,

        v.

ELI LILLY & COMPANY, a Foreign
Business Corporation, and CAMILLE
MYERS, an individual,

        Defendants.

No. 3:10-CV-784-HZ

OPINION

Kim E. Hoyt
Spencer C. Rockwell
GARRETT HEMANN ROBERTSON, P.C.
1011 Commercial Street, N.E.
P.O. Box 749
Salem, Oregon 97308-0749

        Attorneys for Plaintiff

/ / /

/ / /

1 - OPINION

Ellen E. Boshkoff
Johane J. Domersant
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204

      Attorneys for Defendants

HERNANDEZ, District Judge:

      Plaintiff Arlette Schuett brought this employment discrimination action against her former employer defendant Eli Lilly & Company, and her former supervisor defendant Camille Myers. Plaintiff brought a federal Title VII pregnancy discrimination claim, a parallel pregnancy discrimination claim under Oregon Revised Statutes §§ (O.R.S.) 659A.029, 659A.030[1], a family leave act claim under the federal Family and Medical Leave Act (FMLA), 29 U.S.C. § 2615(a)(1), and a state family leave act claim under the Oregon Family Leave Act (OFLA), O.R.S. 659A.150 - 659A.186.

      On February 7-9, 2012, the state and federal pregnancy discrimination claims and the FMLA claim were tried to a jury which returned a verdict in favor of defendants. Consistent with O.R.S. 659A.885, plaintiff's OFLA claim was simultaneously tried to the Court. This Opinion constitutes my Findings of Fact and Conclusions of Law on the OFLA claim. Fed. R. Civ. P. 52(a).

      The Ninth Circuit recently reaffirmed the principle that "where legal claims tried by the jury and equitable claims tried by the court are 'based on the same set of facts, the Seventh Amendment requires the trial judge to follow the jury's implicit or explicit factual determinations.'" Sanders v. City of Newport, 657 F.3d 772, 783 (9th Cir. 2011) (FMLA/OFLA claims) (quoting Miller v.

---

[1] O.R.S. 659A.030 prohibits employment discrimination "because of sex" and O.R.S. 659A.029 defines "because of sex" to include pregnancy.

2 - OPINION

Fairchild Indus., Inc., 885 F.2d 498, 507 (9th Cir.1989)).  In the instant case, the jury, in finding for defendants on the pregnancy and FMLA claims, made credibility determinations in favor of defendants, rejected plaintiff's testimony, determined that plaintiff's pregnancy was not a motivating factor in her discharge, and further determined that plaintiff's request for family leave was not a negative factor in her discharge.  Thus, here, I am bound by the jury's factual determinations, including that plaintiff's request for family leave was not related to her termination.

Even if I were to independently find the facts, I would make the same determinations.  In my opinion, this case was primarily about plaintiff's pregnancy, not her family leave request.  In fact, several months before her baby was even due, defendants approved plaintiff for family leave.  I am not convinced that plaintiff's discharge was related to her request for family leave.

OFLA is to "be construed to the extent possible in a manner that is consistent with any similar provisions of the federal Family and Medical Leave Act of 1993." O.R.S. 659A.186(2) "Consistent with this legislative declared intent, the Oregon courts have looked to federal law when interpreting OFLA." Sanders, 657 F.3d at 783 (citing Yeager v. Providence Health Sys. Or., 195 Or. App. 134, 96 P.3d 862, 866 (2004); Centennial Sch. Dist. No. 28J v. Or. Bureau of Labor & Indus., 169 Or. App. 489, 10 P.3d 945, 951–52 (2000).  Although FMLA and OFLA are structured somewhat differently, both prohibit an employer from taking negative action against an employee who has requested leave.  29 U.S.C. § 2615(a)(1); O.R.S. 659A.183.  Accordingly, the legal standards for the state law OFLA claim parallel those for the FMLA claim.

Thus, with these legal standards, and applying the relevant facts determined by the jury, or those determined independently by the Court, I conclude that plaintiff fails to show by a preponderance of the evidence that defendants terminated her because of her request for family

3 - OPINION

leave.

## CONCLUSION

I find for defendants on plaintiff's OFLA claim. Defendants are directed to submit a proposed judgment on the claims tried to the jury and the OFLA claim tried to the Court, within 10 days of the date of this Opinion.

Dated this __24th__ day of __February__, 2012

    /s/ Marco A. Hernandez
Marco A. Hernandez
United States District Judge

4 - OPINION